**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

HECTOR BERMUDEZ-ZENON,

    Plaintiff,

       v.   CIV. NO. 09-1716 (PG)

MYRIAM ALLENDE-VIGO, ET AL,

    Defendants.

**ORDER**

    Before this Court is defendants motion to dismiss (Docket No. 19) requesting that plaintiff's suit be dismissed based on the following grounds: (1) that no cognizable cause of action exists pursuant to 42 U.S.C. § 1983; (2) that plaintiff's claim is time-barred; (3) that plaintiff's suit is barred on res judicata grounds. See Docket No. 19. The motion to dismiss stands unopposed.

**I. STANDARD OF REVIEW**

    "The general rules of pleading require a short and plain statement of the claim showing that the pleader is entitled to relief. … This short and plain statement need only give the defendant fair notice of what the … claim is and the grounds upon which it rests." Gargano v. Liberty Intern. Underwriters, Inc., 572 F.3d 45, 48 (1st Cir.2009) (internal citations and quotation marks omitted).

    Motions to dismiss brought under F$_{\text{ED}}$.R.C$_{\text{IV}}$.P. 12(b)(1) and 12(b)(6) are subject to the same standard of review. See Negron-Gaztambide v. Hernandez-Torres, 35 F.3d 25, 27 (1st Cir.1994). When ruling on a motion to dismiss for failure to state a claim, a district court "must accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiff's favor, and determine whether the complaint, so read, limns facts sufficient to justify recovery on any cognizable theory." Rivera v. Centro Medico de Turabo, Inc., 575 F.3d 10, 15 (1st Cir.2009) (citing LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 508 (1st Cir.1998)). Courts "may augment the facts in the complaint by reference to (i) documents annexed to the complaint or fairly incorporated into it, and (ii) matters susceptible to judicial notice." Gagliardi v. Sullivan, 513 F.3d 301, 306 (1st Cir.2008) (internal citations and quotation

marks omitted). "Yet [the court] need not accept as true legal conclusions from the complaint or naked assertions devoid of further factual enhancement." Maldonado v. Fontanes, 568 F.3d 263, 266 (1st Cir.2009) (citing Ashcroft v. Iqbal, 129 S.Ct. 1937, 1960 (2009)). Although a complaint attacked by a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) "does not need detailed factual allegations, … , a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do … ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations and quotation marks omitted).

Moreover, "even under the liberal pleading standard of Federal Rule of Civil Procedure 8, the Supreme Court has … held that to survive a motion to dismiss, a complaint must allege a plausible entitlement to relief." Rodriquez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir.2007) (citing Twombly, 550 U.S. 544 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 556). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, … , on the assumption that all the allegations in the complaint are true (even if doubtful in fact)…." Twombly, 550 U.S. at 555 (internal citations and quotation marks omitted). "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

## II. DISCUSSION

The extremely confusing pleading in this case leads the Court to believe that pro se plaintiff Hector Bermudez-Zenon's (hereinafter "Plaintiff" or "Bermudez") is filing suit against his ex-wife Myriam Allende-Vigo and his children Shaka Bermudez-Allende and Samory Bermudez-Allende. His claim arises from some alleged domestic violence events occurring during the early morning hours of May 18, 2004 as a result of which that he claims to have suffered damages. See Docket No. 1. However, an identical claim also filed by Plaintiff but that included additional defendants was dismissed on June 25, 2008. See Dockets No. 56-57 in Civil Case No. 05-1528. Therein, Plaintiff's civil rights claims against the additional defendants were dismissed with prejudice and the supplemental

Civ. No. 09-1716 (PG) Page 3

damages claims against his family members was dismissed "without prejudice of pursuing them in the Commonwealth courts." See Docket No. 57 in Civil Case No. 05-1528. Nevertheless, in his complaint, the Plaintiff now asserts that this Court has jurisdiction to entertain this suit pursuant to Section 20302 of the Violent Crime Control and Law Enforcement Act of 1994, 42 U.S.C.A. § 13981. See Docket No. 1 at ¶ 36.

Federal courts are courts of limited jurisdiction and hence, have the duty to examine their own authority to preside over the cases assigned. "It is black-letter law that a federal court has an obligation to inquire sua sponte into its own subject matter jurisdiction." McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir.2004). In the course of this inquiry, the Court notes that the civil remedy provisions of the statute under which Plaintiff brings his claim were struck down by the Supreme Court in U.S. v. Morrison, 529 U.S. 598 (2000). Therefore, federal question jurisdiction is lacking. In addition, there is no diversity of citizenship between Plaintiff and defendants.

To the extent this Court lacks subject matter jurisdiction to hear this case, this Court must once again **DISMISS WITHOUT PREJUDICE** the Plaintiff's claim against defendants. If the Plaintiff continues to attempt to pursue this action in federal court, severe sanctions will be imposed. Judgment shall be entered accordingly.

**SO ORDERED.**

In San Juan, Puerto Rico, September 28, 2010.

S/ JUAN M. PÉREZ-GIMÉNEZ
JUAN M. PÉREZ-GIMÉNEZ
UNITED STATES DISTRICT JUDGE